AMANDA CONOVER et al.

*v.*

GEORGE B. STOTHOFF.

A bill seeking to charge certain lands with a trust to sell, if necessary to raise money to pay the settlor's debts, and the expenses of recovering the premises (which were then adversely held), and to compound for the same, averred that the premises had been sold by the trustee and conveyed by a warranty deed in 1821.—*Held*, that under the alleged terms of this trust, the purchaser was not bound to see to the application of the purchase-money, and that, consequently, the lands now in defendant's hands were discharged of the trust.

Bill for relief. On objection to bill.

*Mr. R. S. Kuhl*, for complainants.

*Mr. J. A. Bullock* and *Mr. E. R. Bullock*, for defendant.

THE CHANCELLOR.

The bill is filed to declare a trust in reference to an undivided one-fourth part of certain land. The claim is based on the allegation that Francis Reading, the father of the complainants, was the owner of an undivided half of the land in 1818, and then conveyed it to his brother, Thomas W. Reading, in trust, to

stand seized of it for the following purposes: To sue for and re-cover possession of the whole property, or such share or portion thereof as Francis then was or might be found to be entitled to; or to compound and agree for the same or any part thereof; and to take the rents, issues and profits, and out of them to pay him-self all moneys he might lay out in prosecuting for the land, and all costs, charges and expenses, and such compensation as he might reasonably make to those who might advise and assist therein or in any composition or agreement therefor; secondly, to pay off and discharge all the just debts then due and owing from Francis; and, thirdly, after deducting so much as would be reasonable to satisfy the trustee for his own personal services in the management of the trust after he should have obtained possession of the premises and after paying the before-mentioned debts and expenses, to pay the balance of the rents, issues and profits to Francis, or permit him and his family to reside on and occupy the premises and take the rents, issues and profits to his own use and for his life; and from and after his death to stand seized of the premises in trust for all the children and issue of Francis; or otherwise, if necessary, to sell, dispose of and convey for a reasonable price such and so much of the premises as might be necessary to discharge the debts, expenses and composition before mentioned, and give a good and sufficient deed or deeds therefor. The bill states that the complainants' father is dead and that they have sold one-half of their interest in the premises in question, and now seek to have the trust declared as to the residue thereof, which they still retain. They state that the de-fendant derives his title under a deed given by Thomas W. and one Thomas H. Reading (who, they say, had no title) in 1821 to Simeon and Moses Pownall, and another deed from Thomas and Francis (both warranty deeds) given in 1821.

Thomas, the trustee, then, according to the bill, conveyed the property in 1821. Part of the trust on which he held it was to sell, if necessary, to raise money to pay Francis's debts and the expenses of recovering the property and to make the composition. Under that trust a purchaser was not bound to see to the appli-cation of the purchase-money. The settlor could not have in-

tended that the purchaser should do so, for the trust is to raise money to pay Francis's debts, the expenses of a lawsuit or lawsuits, and the money necessary to make a compromise of the claim to buy out the person in possession. The title of the defendant is not, therefore, by the bill, shown to be subject to the trust. The bill will be dismissed, with costs.